**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ASON BROWN, | ) |
| | ) |
| Plaintiff, | )   Civil Action No. 21-1407 |
| | ) |
| v. | )   Magistrate Judge Maureen P. Kelly |
| | ) |
| SERGEANT DWAYNE LARDIN; | )   Re: ECF No. 21 |
| CAPT. STEPHANIA FRANK; | ) |
| CORRECTIONS OFFICER BOYER; | ) |
| CORRECTIONS OFFICER MAZZA; *and* | ) |
| CORRECTIONS OFFICER GERBER, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION**

Pending before the Court is a Motion to Dismiss filed on behalf of Defendant Capt. Stephania Frank ("Frank") for failure to state a claim. ECF No. 21. For the following reasons, the Motion to Dismiss will be granted.[1]

I.      **FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff Ason Brown ("Plaintiff"), an individual formally incarcerated at the Allegheny County Jail ("ACJ"), brings this *pro se* civil rights action against ACJ corrections officers and supervisory personnel for the alleged violation of his Fifth and Fourteenth Amendment rights. ECF No. 13. Plaintiff alleges his civil rights were violated when Defendants Sergeant Dwayne Lardin ("Lardin"), Corrections Officer Boyer ("Boyer"), Corrections Officer Mazza ("Mazza"), and Corrections Officer Gerber ("Gerber") employed excessive force after he failed to comply with an order to uncover his cell door window, and then failed to provide medical treatment for his injuries.

---

[1] Pursuant to 28 U.S.C. § 636(c), the parties have consented to the jurisdiction of a United States Magistrate Judge to conduct all proceedings in this case.  ECF Nos. 3 and 39.

Plaintiff also alleges that Defendant Lardin improperly exposed and touched his genitalia during the incident and, as to Defendant Frank, that she failed to properly investigate and resolve a grievance related to this incident. ECF No. 13 ¶¶ 11-19.

Defendants have filed a Motion to Dismiss on Frank's behalf for failure to state a claim. ECF No. 21. Defendants assert that under settled law, liability cannot be imposed for the failure to investigate and resolve a grievance. ECF No. 22.  Plaintiff has filed a Response in opposition to the Motion to Dismiss, ECF No. 32, and contends that his allegations that Frank violated facility policies are sufficient to state a claim.   The motion is ripe for disposition.

## II.    STANDARD OF REVIEW

In assessing the sufficiency of a complaint pursuant to a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must accept as true all material allegations in the complaint and all reasonable factual inferences must be viewed in the light most favorable to the plaintiff. Odd v. Malone, 538 F.3d 202, 205 (3d Cir. 2008). The Court, however, need not accept bald assertions or inferences drawn by the plaintiff if they are unsupported by the facts set forth in the complaint. See Cal. Pub. Emps.' Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) (citing Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997)). Nor must the Court accept legal conclusions set forth as factual allegations. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). Rather, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Id. (citing Papasan v. Allain, 478 U.S. 265, 286 (1986)). Indeed, the United States Supreme Court has held that a complaint is properly dismissed under Fed. R. Civ. P. 12(b)(6) where it does not allege "enough facts to state a claim to relief that is plausible on its face," id. at 570, or where the factual content does not allow the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662,

678 (2009); see also Phillips v. Cnty. of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008) (finding that, under Twombly, "labels, conclusions, and a formulaic recitation of the elements of a cause of action" do not suffice but, rather, the complaint "must allege facts suggestive of [the proscribed] conduct" and that are sufficient "to raise a reasonable expectation that discovery will reveal evidence of the necessary element[s] of his claim").

Pro se pleadings and filings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or the litigant's unfamiliarity with pleading requirements. Boag v. MacDougall, 454 U.S. 364 (1982); U.S. ex rel. Montgomery v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969) (A "petition prepared by a prisoner ... may be inartfully drawn and should ... be read 'with a measure of tolerance'"); Freeman v. Dep't of Corr., 949 F.2d 360 (10th Cir. 1991). Under our liberal pleading rules, a district court should construe all allegations in a complaint in favor of the complainant. Gibbs v. Roman, 116 F.3d 83 (3d Cir. 1997) (overruled on other grounds); see also Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996) (discussing Fed. R. Civ. P. 12(b)(6) standard); Markowitz v. Ne. Land Co., 906 F.2d 100, 103 (3d Cir. 1990) (same).

However, there are limits to the court's procedural flexibility: "pro se litigants still must allege sufficient facts in their complaints to support a claim ... they cannot flout procedural rules — they must abide by the same rules that apply to all other litigants." Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 245 (3d Cir. 2013) (citations omitted). Accordingly, because Plaintiff is a *pro se* litigant, this Court will consider the facts and make inferences as warranted.

III.    **DISCUSSION**

Plaintiff brings claims pursuant to 42 U.S.C. § 1983 ("Section 1983"), which provides that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

42 U.S.C. § 1983. "Section 1983 provides remedies for deprivations of rights established in the Constitution or federal laws. It does not, by its own terms, create substantive rights." Kaucher v. Cnty. of Bucks, 455 F.3d 418, 423 (3d Cir. 2006) (citing Baker v. McCollan, 443 U.S. 137, 145 n.3 (1979) (footnote omitted)). Thus, to state a claim for relief under Section 1983, the plaintiff must allege facts from which it could be inferred that "the defendant, acting under color of state law, deprived him or her of a right secured by the Constitution or the laws of the United States." Id. at 423.

Plaintiff alleges that Defendant Frank violated his rights provided by the Fifth and Fourteenth Amendments by failing to act upon his grievance to report an assault in accordance with the Prison Rape Elimination Act of 2003 ("PREA"), 42 U.S.C. § 15601, et seq. ECF No. 13 ¶ 19; see also ECF No. 32.

As an initial matter, "[w]hile the PREA was intended in part to increase the accountability of prison officials and to protect the Eighth Amendment rights of Federal, State, and local prisoners, nothing in the language of the statute establishes a private right of action." Johnakin v. Drosdak, No. CV 22-2575, 2022 WL 2651969, at *5 (E.D. Pa. July 8, 2022) (quoting Walsh v. N.J. Dep't of Corr., Civ. A. No. 17-2442, 2017 WL 3835666, at *4 (D.N.J. Aug. 31, 2017); and citing Krieg v. Steele, 599 F. App'x 231, 232 (5th Cir. 2015) ("Insofar as Krieg argues that his rights under the Prison Rape Elimination Act of 2003 ... were violated, other courts addressing this

4

issue have found that the PREA does not establish a private cause of action for allegations of prison rape." (citations omitted)); Frederick v. Snyder Cnty. Prison, No. 3:18-707, 2019 WL 1348436, at *4 (M.D. Pa. Mar. 22, 2019) ("To the extent that Plaintiff attempts to raise a claim pursuant to the PREA, this claim must fail. The PREA does not provide a private right of action and Plaintiff is thus prohibited from asserting a claim pursuant to PREA." (citations omitted))).

Thus, Plaintiff cannot "bring a private action to enforce obligations set forth in the PREA, whether through the statute itself or through [an] attempt to enforce the [institution's] PREA policy via section 1983." Johnakin, 2022 WL 2651969, at *5 (quoting Bowens v. Emps. of the Dep't of Corr., 14-2689, 2016 WL 3269580, at *3 (E.D. Pa. June 15, 2016), aff'd sub nom., Bowens v. Wetzel, 674 F. App'x 133 (3d Cir. 2017)). Moreover, to the extent Plaintiff challenges the quality of any investigation or lack thereof into his PREA complaint, he has no freestanding right to such an investigation. See Graw v. Fantasky, 68 F. App'x 378, 383 (3d Cir. 2003) (stating that "an allegation of a failure to investigate, without another recognizable constitutional right, is not sufficient to sustain a section 1983 claim" (citing DeShaney v. Winnebago Cnty. Dep't of Soc. Servs., 489 U.S. 189, 195–96 (1989)). Therefore, Plaintiff's claim against Defendant Frank for violating his rights under PREA is properly dismissed.

Any claim against Frank for failing to properly respond to his grievance also fails for lack of the required personal involvement in the underlying violation. In order for liability to attach under Section 1983, "plaintiff must show that each [defendant] personally participated in the alleged constitutional violation or approved of it." Gannaway v. Prime Med., Inc., 150 F. Supp. 3d 511, 546 (E.D. Pa. 2015) (citing C.N. Ridgewood Bd. of Educ., 430 F.3d 159, 173 (3d Cir. 2005)). Plaintiff can demonstrate personal involvement "through allegations of personal direction or of actual knowledge and acquiescence." Evancho v. Fisher, 423 F.3d 347, 353 (3d Cir. 2005) (citing

<u>Rode v. Dellarciprete</u>, 845 F.2d 1195, 1207 (3d Cir. 1988)). However, an allegation that prison officials and administrators responded inappropriately, or failed to respond to a prisoner's complaint or an official grievance, does not establish that the officials and administrators were involved in the underlying allegedly unconstitutional conduct. <u>See</u>, <u>e.g.</u>, <u>Rode</u>, 845 F.2d at 1207-08 (concluding that after-the-fact review of a grievance is insufficient to demonstrate the actual knowledge necessary to establish personal involvement).

Because Plaintiff's allegations against Defendant Frank fail to state a claim for relief, the Motion to Dismiss is properly granted. Further, because amendment of Plaintiff's claim regarding the disposition of his grievance would not cure the identified deficiencies, Plaintiff's claim against Frank is dismissed with prejudice. <u>See</u> <u>Grayson v. Mayview St. Hosp.</u>, 293 F.3d 103, 114 (3d Cir. 2002) (a district court should generally provide a pro se plaintiff with leave to amend unless amending would be inequitable or futile).

## IV.     CONCLUSION

For the foregoing reasons, the Motion to Dismiss, ECF No. 21, is properly granted and Plaintiff's claims against Defendant Frank shall be dismissed with prejudice. An appropriate Order follows.

BY THE COURT,

*/s/ Maureen P. Kelly*
MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE

Dated: September 20, 2022

cc:     All counsel of record by Notice of Electronic Filing

Ason Brown
P.O. Box 492
Pittsburgh, PA 15230