IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ASON BROWN, | ) |
| | ) |
| Plaintiff, | ) Civil Action No. 21-1407 |
| | ) |
| v. | ) Magistrate Judge Maureen P. Kelly |
| | ) |
| SERGEANT DWAYNE LARDIN; | ) Re: ECF No. 61 |
| CORRECTIONS OFFICER BOYER; | ) |
| CORRECTIONS OFFICER MAZZA; *and* | ) |
| CORRECTIONS OFFICER GERBER, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM ORDER**

Presently before the Court is a document filed by *pro se* Plaintiff Ason Brown ("Plaintiff") titled "Status – Records Request Pending?" ECF No. 61. The Court construes the document as a motion to compel discovery. For the reasons below, the motion is denied.

**I.      FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff Ason Brown ("Plaintiff"), an individual formally incarcerated at the Allegheny County Jail ("ACJ"), brings this civil rights action against ACJ corrections officers and supervisory personnel for the alleged violation of his Fifth and Fourteenth Amendment rights. ECF No. 13. Plaintiff alleges his civil rights were violated when Defendants Sergeant Dwayne Lardin ("Lardin"), Corrections Officer Boyer ("Boyer"), Corrections Officer Mazza ("Mazza"), and Corrections Officer Gerber ("Gerber") employed excessive force after he failed to comply with an order to uncover his cell door window, and then failed to provide medical treatment for his injuries. Plaintiff also alleges that Defendant Lardin improperly exposed and touched his genitalia during

1

the incident and, as to Defendant Frank, that she failed to properly investigate and resolve a grievance related to this incident. ECF No. 13 ¶¶ 11-19.

On October 3, 2022, this Court issued a Case Management Order that provided that discovery was to be completed by January 9, 2023, and that Plaintiff was to file his Pretrial Statement by February 10, 2023. ECF No. 42. The Order was mailed to Plaintiff at his address of record on October 3, 2022, and was not returned as undeliverable. On March 7, 2023, this Court issued an Order to Show Cause why this action should not be dismissed because Plaintiff failed to file a Pretrial Statement as ordered. ECF No. 43. Plaintiff filed a Motion for Extension of Time to file a response to the Order to Show Cause, and the Court granted an extension until April 24, 2023. ECF Nos. 44, 45.  Plaintiff filed his response and stated that due to incarceration from December 9, 2022, through March 17, 2023, he was deprived "of any opportunity to file a Pretrial Statement." ECF No. 48.  He also complained that he was "never given a discovery … [and] was never served a Notice of Deposition." Id. That said, Plaintiff confirmed that he had "all required documents" and asked the Court to permit this litigation to go forward. Id.

The Court issued a second Case Management Order that required Defendants to file a Motion for Summary Judgment by June 1, 2023. ECF No. 49. Defendants' Motion for Summary Judgment, and supporting brief and exhibits were timely filed, and the Court issued an Order informing Plaintiff that his response to the motion was due by June 30, 2023. ECF Nos. 50-54. Plaintiff failed to file a response as ordered.  On July 7, 2023, the Court issued an Order to Show Cause why this action should not be dismissed. ECF No. 56. Plaintiff filed his response on June 28, 2023, and stated that he had not received his records from the Allegheny County Jail and had been misled by jail employees as to who to ask for his records. ECF No. 57. Plaintiff also filed

what is construed as his response to the pending Motion for Summary Judgment and supporting exhibits. ECF Nos. 58, 59.

On August 22, 2023, Plaintiff Ason Brown filed a document titled "Status – Records Request Pending?" ECF No. 61. In his request, Plaintiff states that on July 19, 2023, he "wrote a letter to Judge Kimberly Clark requesting my records from the Allegheny County Jail." Id. A copy of the letter is attached as an exhibit and sets forth Plaintiff's request for "all of my documents, requests, complaints, grievances, etc. etc. on file for me 'Ason Bron' for anytime that I've ever been incarcerated at the Allegheny County Jail from 1/1/2017 to 12/31/2023…. In addition to that, …. I'd also just simply like copies of all of the letters and photos I received while I was incarcerated." ECF No. 61-1.

Plaintiff further states that on July 20, 2023, he "was given a subpoena from the Clerk of Courts to give to the jail (Allegheny County) so that they would release my records to me." Id. Plaintiff claims that after a month, he "still has not received" his records.

Plaintiff has filed copies of documents he received from the Allegheny County Department of Court Records Criminal Division, the Allegheny County Office of Public Defender, the Allegheny County Pretrial Services Department, and a copy of the subpoena issued by the Clerk of Court for the United States District Court for the Western District of Pennsylvania. ECF Nos. 59-1 – 59-4. The documents prepared by the various Allegheny County offices reflect that Plaintiff was informed that his jail records could be obtained by contacting the jail directly. The Department of Court Records and the Pretrial Services Department provided Plaintiff with a telephone number for the jail. The subpoena issued by the Clerk of Court and filed by Plaintiff on the docket of this matter does not reflect that Plaintiff identified any party or witness to be served or whether service was ever accomplished. ECF No. 59-4.

3

As noted, this Court construes Plaintiff's document at ECF No. 61 as a Motion to Compel and directed Defendants to file a response. ECF No. 62. Defendants have filed their response. ECF No. 63. In their response, Defendants state that they have never received a discovery request from Plaintiff. However, on December 27, 2022, they mailed to Plaintiff the use of force report for the incident at issue and "relevant portions of [Plaintiff's] jail medical record." Id. At that time, Defendants also advised Plaintiff that there was video of the incident at issue and that Plaintiff could make arrangements to view it by contacting defense counsel. Plaintiff never advised Defendants that he did not receive the records that were mailed to him, and never served Defendants with any discovery requests in this matter. Id.

Defendants further state that a copy of the Motion for Summary Judgment, Brief in Support, Concise Statement of Material Facts, Appendix with relevant exhibits, and a USB drive containing the video evidence related to the incident at issue were mailed to Plaintiff at his address of record. Id. (citing ECF Nos. 50-54). Thus, Defendants state that all relevant evidence needed to respond to the Motion for Summary Judgment has been provided to Plaintiff. Id. To the extent Plaintiff now seeks production of records from the Allegheny County Jail including any record and any correspondence addressed to Plaintiff from any period of confinement from 2017 through the end of this calendar year, Defendants contend Plaintiff's request is "far beyond the scope of discovery." ECF No. 63 at 2.

## II.     LEGAL STANDARDS

Federal Rule of Civil Procedure 37(a)(3)(B)(iv) permits a party seeking discovery to move for an order compelling production if "a party fails to produce documents or fails to respond that inspection will be permitted … as requested under Rule 34." Fed. R. Civ. P. 37(a)(3)(B)(iv). Rule 34 provides that requests for production of documents within the scope of Rule 26(b) must be

served, and that the obligation to respond does not arise until "30 days after being served." Fed. R. Civ. P. 34(b)(2).

Federal Rule of Civil Procedure 26(b)(1) defines the permissible scope of discovery as follows:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).

Rulings regarding the proper scope of discovery permitted under Rule 26, and the extent to which discovery may be compelled, are matters consigned to the Court's discretion and judgment. Wisniewski v. Johns–Manville Corp., 812 F.2d 81, 90 (3d Cir. 1987). A party moving to compel discovery bears the initial burden of proving the relevance of the requested information. Morrison v. Phila. Hous. Auth., 203 F.R.D. 195, 196 (E.D. Pa. 2001). Once that initial burden is met, "the party resisting the discovery has the burden to establish the lack of relevance by demonstrating that the requested discovery (1) does not come within the broad scope of relevance as defined under Fed. R. Civ. P. 26(b)(1), or (2) is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure." In re Urethane Antitrust Litig., 261 F.R.D. 570, 573 (D. Kan. 2009).

### III. DISCUSSION

The United States Court of Appeals for the Third Circuit has held that a motion to compel is properly denied when the record reflects that a prisoner plaintiff failed to conduct discovery despite being afforded ample opportunity. Thorpe v. Grillos, 80 F. App'x 215, 220 (3d Cir. 2003);

see also Bull v. U.S., 146 F. App'x 468, 470 (3d Cir. 2005) (it was not an abuse of discretion to deny a motion to compel where plaintiff did not serve discovery until after the court-ordered deadline for the close of discovery and most of the relevant records were provided to him and attached to the defendants' motion for summary judgment).

In this case, Plaintiff fails to demonstrate that he properly served discovery requests on Defendants to trigger an obligation on the part of Defendants to respond. See Fed. R. Civ. P. 34. While he complains that discovery was impeded by his incarceration, Plaintiff did not seek an extension of the deadline to complete discovery on that basis. Further, Defendants represent that in December 2022, even though they never received any discovery requests from Plaintiff, they provided Plaintiff with copies of his relevant jail medical records and the use of force report related to the incident at issue. ECF No. 63 at 2. In response to this Court's Order to Show Cause issued on March 6, 2023, Plaintiff responded that as of April 24, 2023, "[a]lthough [he] was late, due to being subject to unfortunate circumstances in my environment, I have all required documentation." ECF No. 48. The record also reflects that Defendants served Plaintiff with the relevant documents in the Appendix filed in support of their motion for summary judgment. Under these circumstances, the motion to compel is properly denied due to Plaintiff's failure to comply with the requirement that he serve his requests in compliance with the Federal Rules of Civil Procedure.

In addition, Defendants' objection related to the scope of Plaintiff's belated and as yet unserved request for production documents is sustained. Plaintiff's litigation arises out of a single incident that occurred on February 16, 2021. Yet, Plaintiff demands production of all jail records for every time he has been incarcerated the Allegheny County Jail from January 1, 2017, through December 31, 2023, and copies of all letters and photos he received during that time. While it is conceivable that some records may be relevant to this litigation or lead to the discovery of

admissible evidence, Plaintiff fails to explain how his request is proportional to needs of this case. Thus, the motion to compel is properly denied on this basis.

Accordingly, this 29th day of September 2023, and or the foregoing reasons, IT IS HEREBY ORDERED that Plaintiff's Motion to Compel, ECF No. 61, is denied.

BY THE COURT:

MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE

cc: Ason Brown
P.O. Box 492
Pittsburgh, PA 15230

All counsel of record via CM/ECF